HARRY E. LUNGE, Applt., *vs.* NELLIE J. ABBOTT.

York. Opinion December 3, 1915.

*Agency. Contract. Exceptions. Husband and Wife. Repairs on wife's property made by contract with husband.*

1. The fact of agency can be established by proof of any facts or circumstances from which agency can reasonably and logically be inferred. The marriage relation of the parties, however, is not alone enough to establish the fact that the one is the agent of the other. But where the question is whether a husband was the agent of his wife in transactions for the repair and improvement of her property, the marriage relation, and the wife's situation and the condition of her health at the time, are of significance, in connection with the nature of the work contracted for. So, too, is the fact that the husband had transacted similar business with her approval and for which she recognized her responsibility.

2. Upon a proper submission of the question to them, the jury decided that the defendant's husband was her agent in having a furnace put in her house in her absence from home. *Held:* that there was evidence which reasonably justified the jury in so deciding.

3. An excepting party must show that he has been prejudiced by the ruling.

4. If requested instructions are not pertinent and applicable to the case, though containing a correct statement of abstract principles of law, they may properly be refused.

5. Exceptions will not be sustained to a refusal to give special requests, though they may be reasonably applicable to some features of the case, provided ample and correct instructions have already been given.

6. The instructions given were pertinent to the only issue involved in the case, were sound in law, and clearly and explicitly presented.

7. The requested instructions appear to be a verbatim copy of all the paragraphs of the head note in the case of Steward v. Church, 108 Maine, 83. None of them were peculiarly applicable to the facts in this case, and some of them were wholly inapplicable thereto.

8. We do not find any reversible error in the ruling refusing them. The jury had already been fully and amply instructed. It does not appear that the defendant was prejudiced by the ruling complained of.

On motion and exceptions by defendant. Motion and exceptions overruled.

This is an action of assumpsit on account annexed to recover the value of a furnace put into the defendant's house on contract by the husband. Plea, general issue. The jury returned a verdict for plaintiff and the defendant filed a general motion for a new trial. The defendant also requested the Justice presiding to give the following instructions, which the said presiding Justice declined to do, and the defendant excepted to said refusal to so instruct.

1. Where a husband and wife are living on a farm which the husband is carrying on, the fact that the title to the farm is in the wife does not show that he was carrying on the farm as her agent and does not make her liable for articles purchased by him for use on the farm.

2. Where in such case the husband did not represent himself to be the agent of his wife in making the purchase, she cannot be liable upon the ground of after-ratification. The doctrine of ratification applies only in cases where a person without authority assumes to have authority to act for another.

3. A promise by the wife to pay the vendor for articles purchased by the husband cannot be logically inferred from the circumstances that the articles ultimately came into her hands.

4. The fact that the wife authorized her husband to let a farm owned by her, does not justify an inference that he was her agent in carrying on the farm.

5. The fact that in making a lease of the farm and farming plant six months after the purchase of a farming implement by her husband, the wife included the implement in the lease does not justify the inference that she authorized it to be purchased on her credit.

The case is stated in the opinion.
*Clarence Webber,* for plaintiff.
*William M. Tripp,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, HANSON, JJ.

KING, J. Action to recover $55.70 for materials and labor furnished in putting a heating furnace into the defendant's house under a contract therefor made by her husband, to whom the plaintiff gave credit supposing him to be the owner of the property. At the time the defendant was away from home in a hospital. The foundation of the action is the claim that the husband was the wife's agent in the transaction. That was the sole issue at the trial. The verdict was for the plaintiff, and the case comes up on a motion for a new trial and exceptions by the defendant.

The fact of agency can be established by proof of any facts or circumstances from which agency can reasonably and logically be inferred. The marriage relation of the parties, however, is not necessarily enough to establish the fact that the one is the agent of the other. There must be other proof. But where the question is whether a husband was the agent of his wife in transactions for the repair and improvement of her property, the marriage relation, and the wife's situation and the condition of her health at the time, are of significance, in connection with the nature of the work contracted for. So, too, is the fact, that the husband had transacted similar business with her approval and for which she recognized her responsibility.

In the case at bar the home was bought by the wife in 1911. It was a small farm on which she and her husband resided. He admitted that he had charge of the farm "outdoors." The same month the property was purchased, considerable repairs and improvements were made to the buildings, including an extension to the ell or shed and the making of a pantry inside the house. The carpenters who did the work testified that they were employed by the husband who seemed to be in charge of the work and gave them instructions, and that the wife was there while the work was going on. In April and May of 1912 the house was further improved, including the building of a piazza, and a hen house was built at that time. The

husband hired the workmen for that work and the wife paid them with her checks, some of which at least the husband made out for her to sign. Before she went to the hospital, about the first of December, 1912, the chimney of the house had been torn down. and a Mr. Hall was employed by the husband to put in a new floor and make some repairs and alterations inside the house. He was working there when the furnace was put in. Again in 1913, Mr. Hall was employed by the husband to do work on the outside of the buildings and the wife was there and gave him some directions as to the work, but his "general instructions" were given by the husband. Those were pertinent facts and circumstances for the consideration of the jury on the question whether the husband was the general agent of his wife in the management of the property, particularly in respect to the making of needed repairs and improvements to the house and buildings.

It is true that the wife was not at home when the furnace was put in, but she testified that there was no heat in the house when she went away, the chimney having then been taken down. Apparently repairs on the house had then been commenced. Is it an unreasonable inference from the circumstances, that her husband, in her absence in the hospital, was her general agent to carry on the work of repairing the house, rebuilding the chimney, and putting in some heating appliance? When he made the arrangements for the furnace to be put in he told the plaintiff that his wife was in the hospital, that he must have heat in the house before she could come home, and that she was coming very soon.

Both the defendant and her husband testified that he was not her agent in having the furnace put in, and that the first she knew about it was when she arrived home after it was all completed. But their denial of the agency was not conclusive. The jury may have disbelieved their testimony in that regard, or found that it was outweighed by other evidence that he was in fact her agent to have that work done.

The defendant, however, contends that the evidence in support of agency is insufficient to sustain the verdict in the plaintiff's favor, and cites *Steward* v. *Church,* 108 Maine, 83. That case we think is distinguishable from the one at bar. In that case the husband first obtained title to the farm and went into occupation

of it and farmed it as his business. He later conveyed the title to his wife but continued as before to operate the farm as his business, as far as outward appearances went. He bought a cream separator for use in carrying on the farm and gave his note for it. It was for the price of that article that the action was brought against the wife, on the ground that the husband was her agent in the purchase of it, and a verdict for the plaintiff was not sustained. It seems reasonably clear that in that case there were practically no facts or circumstances from which a logical inference of agency could be inferred.

In the case at bar, however, as we have pointed out, there is material evidence of facts and circumstances from which the fact of agency could reasonably be inferred. Here the wife had the benefit of the materials and labor furnished. They became a part of her property, and enhanced its value. Her conduct as to similar transactions by her husband for the repair and improvement of this same house of hers, both before and after the one in question, was such as to justify the conclusion that he was in fact her agent in such transactions. And the particular facts and circumstances connected with this transaction seem to give support to the claim that he was in fact her agent in making the arrangements for the furnace to be put in.

The plaintiff testified that in October, 1914, he called at the Abbott house and asked her to pay the bill, and that after he and the husband checked up the materials furnished, "Mrs. Abbott said she would be down and settle the account." Both she and her husband denied that. If she did promise to pay it and it was her husband's bill and not hers, that promise would not support this action. But if she made that promise, not denying her liability, that fact would have some bearing on the issue whether the bill was in fact contracted by her agent.

The jury, upon a proper submission of the question to them, decided that the defendant's husband was her agent in having the furnace put in her house. We think there was evidence which reasonably justified the jury in so deciding, and that the motion for a new trial should not be granted.

It remains to be considered whether the omission to give the requested instructions affords the defendant any just cause of com-

plaint. It is a familiar rule that an excepting party must show that he has been prejudiced by the ruling. If requested instructions are not pertinent and applicable to the case, though containing a correct statement of abstract principles of law, they may properly be refused. And exceptions will not be sustained to a ruling declining to give special requests, though they may be reasonably applicable to some features of the case, provided ample, pertinent and correct instructions have already been given covering substantially those same features.

The charge of the learned presiding Justice is made a part of the case, and an examination of it shows that the instructions to the jury were pertinent to the only issue involved in the case, that they were sound in law and were clearly and explicitly presented.

We think it quite impossible that the jury could have misunderstood the sole question of fact submitted for their determination, or failed to have comprehended the legal significance of the evidence presented as bearing on that question. They were instructed that it was conceded that the contract for the furnace was made by the husband without the wife's knowledge or consent specifically given by her; that she could not be held liable under that contract unless her husband was her agent in making it; that the relation of husband and wife is not alone sufficient to prove such agency; nor would such agency be established by the mere fact that she received the benefit of the contract, or that she subsequently promised to pay for the work done under it, if she did so promise. Again and again during the charge the jury were told that it was a question for them to decide upon a fair consideration of all the evidence, whether or not the defendant had in fact authorized her husband to act as her general agent to make repairs or improvements to her property, and, if so, whether the putting in of the furnace was within the scope of his authority.

The requested instructions appear to be a verbatim copy of all the paragraphs of the head note in the case of *Steward* v. *Church,* supra. They appear in full in the statement of the case. None of them were peculiarly applicable to the facts in this case, and we think there was no reversible error in the ruling refusing them.

The first request undoubtedly contains a correct general principle of law, and it might have properly been given in this case. But

we do not think it appears that the defendant's rights were prejudiced by the omission of that specific instruction. After the explicit instructions that were given to the jury, they did not need to be told, we think, that the mere fact that the title to the home was in the wife was not sufficient proof that the husband was her agent in what he did on or about the property. And, indeed, they were told that the fact that the furnace became a part or her property and enured to her benefit did not establish the fact that her husband was her agent in having it put in.

The second request was not applicable in this case for there was no claim made that the wife was liable on the ground of ratification. The testimony that she promised to settle the bill was not offered for that purpose. It was put in as a circumstance tending to make more probable the claim of agency. Nor do we perceive the purpose, and certainly not the need, of the third request, in view of the fact that the jury had been instruced that if the wife did promise to pay the bill, that would not prove the agency, which was the only question in the case. As to paragraphs 4 and 5 of the requests, we need only say that presumably they refer to facts developed in the case from which they were excerpts. But such facts do not appear in this case. Clearly those requests were inappropriate.

It follows that the exceptions cannot be sustained.

*Motion and exceptions overruled.*